|   |   |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

UNITED STATES OF AMERICA,

      Plaintiff,                             No. CIV 2:09-cv-2223-FCD-JFM

    vs.

APPROX. $26,851.00 IN U.S. CURRENCY,
et al.,

      Defendants.                       <u>ORDER</u>

_____/

        On June 9, 2010, plaintiff United States of America and claimants Charles Eugene Weaver and Mercy Stephanie Weaver ("claimants") have stipulated to the following protective order (<u>see</u> Docket No. 24):

        1.      On August 11, 2009, plaintiff filed a forfeiture complaint in this action against the assets named in this action.

        2.      On October 23, 2009, claimants Charles Eugene Weaver and Mercy Stephanie Weaver, by and through their attorney of record, Robert W. MacKenzie of MacKenzie Land Law, filed an amended claim on behalf of Charles Eugene Weaver and Mercy Stephanie Weaver individually, and also in their capacities as trustees of the Chas Acres Trust, Trust I.D. No. 91-6934975, in this action for all seized assets.

1

3.      Plaintiff United States of America has commenced discovery in the above-entitled action by serving interrogatories and requests for production of documents on claimants.

4.      Claimants do not consent to the use by plaintiff of any information they provide in this action for any purpose, in conjunction with any potential investigation or prosecution of any potential criminal case against claimants. Accordingly, claimants object to the use of any information they provide in this action for any purpose related to any potential investigation or prosecution of any potential criminal case against claimant.

5.      Because of the possibility that information which claimants provide in this action could potentially be used against them for purposes related to a potential investigation or prosecution of a potential criminal case against claimants, claimants are reluctant to respond to plaintiff's discovery requests without a protective order in place, and instead are inclined to assert their Fifth Amendment right against self-incrimination.

6.      Claimants' assertion of their Fifth Amendment right against self-incrimination, however, would substantially interfere with their ability to contest this forfeiture action and with plaintiff's ability to obtain information from them about the Amended Claim they have filed in this action, the Answer they have filed to the forfeiture complaint, and the activities which plaintiff asserts are the basis for this action.

7.      Plaintiff agrees that no information which claimants produce in this civil forfeiture action, whether by way of discovery responses, deposition testimony, or trial testimony, shall be used by federal, state, or local authorities in connection with any criminal prosecution other than as set forth in paragraph 8 below.

8.      Except as provided in Paragraph 12 below, plaintiff agrees not to provide discovery documents, discovery responses, or deposition or trial testimony to any federal, state, or local prosecutor for use in a criminal prosecution, and agrees that this material shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

9. Claimants understand that the material produced in discovery may be reviewed by paralegal or secretarial staff in the U.S. Attorney's Office or by law enforcement agents (federal, state, or local) solely for purposes of the prosecution, defense, or settlement of this civil forfeiture action, and for no other purpose.

10. Nothing in this stipulation is intended to prevent a federal, state, or local law enforcement officer from attending claimant's deposition or the deposition of any witness.

11. Nothing in this stipulation is intended to prevent the plaintiff from filing claimant's discovery responses or deposition testimony in court as exhibits to a motion such as a motion for summary judgment or motion to compel discovery, provided however that plaintiff will request said filings to be sealed.

12. Nothing in this stipulation is intended to prevent plaintiff from using any testimony or documents claimants produce in this civil forfeiture action in any subsequent prosecution for perjury or false statement.

13. This order shall survive the final disposition of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information produced hereunder.

IT IS SO ORDERED.

DATED: June 14, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;usa2223.po