1  BENJAMIN B. WAGNER
   United States Attorney
2  KELLI L. TAYLOR
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2700

5  Attorneys for Plaintiff
   United States of America

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            )   2:09-CV-02223-KJM-JFM
                                         )
12          Plaintiff,                   )   FINAL JUDGMENT OF FORFEITURE
                                         )
13      v.                               )
                                         )
14  APPROXIMATELY $26,851.00 IN U.S.     )
    CURRENCY,                            )
15                                       )
    APPROXIMATELY $70,700.00 IN U.S.     )
16  CURRENCY,                            )
                                         )
17  21 ONE-OUNCE GOLD COINS AND 28       )
    ONE-OUNCE SILVER COINS VALUED AT     )
18  APPROXIMATELY $19,236.00,            )
                                         )
19  ASSORTED SILVER U.S. COINS VALUED    )
    AT APPROXIMATELY $15,111.25,         )
20                                       )
    2006 DUCATI SS 1000 MOTORCYCLE,      )
21  VIN: ZDM1LABP36B005402, LICENSE      )
    NUMBER 18B5880,                      )
22                                       )
    1968 CHEVROLET CAMARO RALLY SPORT,   )
23  VIN: 123678N433442, LICENSE NUMBER   )
    6DEB840, and                         )
24                                       )
    1989 CUSTOM HARLEY DAVIDSON          )
25  SCREAMING EAGLE MOTORCYCLE, VIN:     )
    1HD1BKL38KY011508, LICENSE NUMBER    )
26  18A1847,                             )
                                         )
27          Defendants.                  )
    _____)
28

Final Judgment of Forfeiture

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.   This is a civil forfeiture action against the above captioned assets (hereafter "defendant properties") seized on February 18, 19, and 24, 2009.

2.   A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on August 11, 2009, alleging that said defendant properties are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

3.   On or about August 17, 2009, the Clerk issued a Warrant for Arrest for the defendant properties.  The warrant for the defendant currency was duly executed on August 18, 2009.  The warrant for the defendant Harley Davidson motorcycle was duly executed on August 25, 2009.  The warrant for the defendant Camaro, the defendant Ducati motorcycle, and the defendant Coins was duly executed on August 27, 2009.

4.   Beginning on August 20, 2009, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration for Publication was filed on September 21, 2009.

5.   In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a.   Charles Weaver

    b.   Mercy Weaver

    c.   Jeanette Weaver

    d.   Jerry McKibben

    e.   Robert McKibben

1    6.    Claimants Charles Eugene Weaver and Mercy Stephanie

2 Weaver filed a Verified Statement of Interest to the defendant

3 properties on September 21, 2009.  Claimants Charles Eugene Weaver

4 and Mercy Stephanie Weaver filed an Answer to Complaint on October

5 23, 2009.   No other parties have filed claims or answers in this

6 matter, and the time for which any person or entity may file a

7 claim and answer has expired.

8    7.    The Clerk of the Court entered a Clerk's Certificate of

9 Entry of Default against Jeannette Weaver, Jerry McKibben, and

10 Robert McKibben on October 26, 2009.   Pursuant to Local Rule 540,

11 the United States requests that as part of this Final Judgment of

12 Forfeiture the Court enter a default judgment against the interest,

13 if any, of Jeannette Weaver, Jerry McKibben, and Robert McKibben

14 without further notice.

15    Based on the above findings, and the files and records of the

16 Court, it is hereby ORDERED AND ADJUDGED:

17    1.    The Court adopts the Stipulation for Final Judgment of

18 Forfeiture entered into by and between the parties to this action.

19    2.    That judgment is hereby entered against claimants Charles

20 Eugene Weaver and Mercy Stephanie Weaver and all other potential

21 claimants who have not filed claims in this action.

22    3.    Upon entry of this Final Judgment of Forfeiture, the

23 following defendant properties shall be forfeited to the United

24 States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of

25 according to law:

26         a.   Approximately $9,300.00 of the $26,851.00 in U.S.
              Currency, together with any interest that may have
27            accrued on that amount,

28         b.   Approximately $70,700.00 in U.S. Currency, together

with any interest that may have accrued on that amount, and

c.   1968 Chevrolet Camaro Rally Sport, VIN: 123678N433442, License Number: 6DEB840.

4.   Upon entry of this Final Judgment of Forfeiture herein, but no later than 60 days thereafter, the following defendant properties shall be returned to claimants Charles Eugene Weaver and Mercy Stephanie Weaver through their attorney Robert W. MacKenzie:

a.   Approximately $17,551.00 of the $26,851.00 in U.S. Currency, together with any interest that may have accrued on that amount,

b.   21 One-Ounce Gold Coins and 28 One-Ounce Silver Coins valued at approximately $19,236.00,

c.   Assorted Silver U.S. Coins valued at approximately $15,111.25,

d.   2006 Ducati SS 1000 Motorcycle, VIN: ZDM1LABP36B005402, License Number 18B5880,

e.   1989 Custom Harley Davidson Screaming Eagle Motorcycle, VIN: 1HD1BKL38KY011508, License Number 18A1847.

5.   That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant properties.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

6.   That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on or about August 11,

2009, the Court finds that there was reasonable cause for the
seizure and arrest of the defendant properties, and for the
commencement and prosecution of this forfeiture action, and a
Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall
be entered accordingly.

    7.   All parties are to bear their own costs and
attorneys' fees.

    8.   The Court shall maintain jurisdiction to enforce the
terms of this Final Judgment of Forfeiture.

    SO ORDERED THIS 18th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF REASONABLE CAUSE

    Based upon the allegations set forth in the Complaint filed
August 11, 2009, and the Stipulation for Final Judgment of
Forfeiture filed herein, the Court enters this Certificate of
Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was
reasonable cause for the seizure or arrest of the defendant
properties, and for the commencement and prosecution of this
forfeiture action.

DATED: March 18, 2011.

_____
UNITED STATES DISTRICT JUDGE

Final Judgment of Forfeiture